IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LARRY HELMICK and LILY HELMICK | § | |
| | § | |
| v. | § | |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | CIVIL ACTION NO. 2:16-cv-12608 |
| TONY E. LUCAS, and TRIAD HUNTER, | § | |
| LLC | § | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"). Allstate, a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] hereby removes the state court action entitled "*Larry Helmick and Lily Helmick v. Allstate Insurance Company, Tony E. Lucas, and Triad Hunter, LLC*", bearing Civil Action No. 16-C-66(E), in the Circuit Court of Roane County, State of West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, and respectfully represents as follows:

**The Parties and Timeliness**

1.      Larry Helmick and Lily Helmick filed the referenced state court action against Allstate, Tony E. Lucas and Triad, LLC on November 21, 2016. A true and accurate copy of the

---

[1] 42 U.S.C. § 4001, *et seq*.

[2] *See* 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

Plaintiffs' Complaint is attached and incorporated hereto as part of Exhibit "A," as required by 28 U.S.C. §§ 1446(a) and 1147(b).

2.      "At all times relevant herein, the subject property was insured under a flood policy issued by Allstate for said property located at 13538 Clay Road, Newton, West Virginia. (Complaint, ¶¶ 2-5) Further, the "Plaintiffs' home was insured by an Allstate policy, more particularly described as policy #1800648824." (*Id.*, ¶ 34) The flood policy referenced is a Standard Flood Insurance Policy ("SFIP"), a copy of which is attached as Exhibit "B."

3.      Defendant Allstate was served with the state court Citation and Plaintiffs' Complaint on or about December 1, 2016. Thirty days have not elapsed since Defendant first received the Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

## Jurisdiction and Venue

4.      Plaintiffs aver that Defendant Allstate breached its contract of insurance by allegedly failing to pay flood damages to the subject property owed to the insured under the SFIP. *See,* Count I Breach of Contract – Allstate. (Complaint, ¶¶ 57-60)

5.      Defendant Allstate participates in and issues SFIPs under the NFIP Write-Your-Own Program. The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. § 4001, *et seq.*

6.      The payments that Plaintiffs seek in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 300 (4th Cir. 2002; 44 C.F.R. § 62.23(f).

7.      As such, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests in the United

States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *See* 42 U.S.C. § 4072.

8.　　According to the Complaint, the subject property is located at 13538 Clay Road, Newton, West Virginia, which is within the jurisdiction of the United States District Court for the Southern District of West Virginia. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

9.　　This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law. *See, Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000); *see also, Battle,* 288 F.3d at 609.

10.　　As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004).

11.　　Lastly, to the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, as the state law based claims form a part of the same case and controversy.

12.     Consent of the Co-Defendant, Triad Hunter, LLC, has been obtained through its Counsel, Ryan M. Smith. The state court record contains no information that proper service was obtained on Co-Defendant Tony E. Lucas.

13.     Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs and will be filed with the Clerk of Court  for the Circuit Court of Roane County, State of West Virginia, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Allstate Insurance Company prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, Civil Action No. 16-C-66(E), in the Circuit Court of Roane County, State of West Virginia be removed to the United States District Court for the Southern District of West Virginia for further proceedings as provided by law.

Dated:  December 28, 2016

Respectfully submitted,

*/s/Todd A. Mount*
Todd A. Mount
Shaffer & Shaffer, PLLC
330 State Street
Madison, WV 25130
Telephone (304) 369-0511
Fax (304) 369-5431
tmount@shafferlaw.net
Local Counsel for Defendant, Allstate Insurance Company

*/s/ Keith M. Detweiler*
Keith M. Detweiler, LA Bar #20784
Nielsen, Carter & Treas, LLC
3838 N. Causeway Blvd., Suite 2850
Metairie, LA 70002
P: 504-837-2500
F: 504-832-9165
Email: kdetweiler@nct-law.com
Counsel for Defendant, Allstate Insurance Company

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF this the 28th day of December, 2016.

/s/Todd A. Mount
Todd A. Mount