CIVIL CASE INFORMATION STATEMENT -- CIVIL CASES
In the Circuit Court of Roane County, West Virginia

I.   CASE STYLE:

LARRY HELMICK AND LILY HELMICK,
Individually as Husband and Wife

      Plaintiffs,

v.

Civil Action No.: 16-C-116
Judge: Honorable Thomas C. Evans, III

ALLSTATE INSURANCE COMPANY,
TONY E. LUCAS, INDIVIDUALLY AND AS AN
AGENT OF ALLSTATE INSURANCE COMPANY,
TRIAD HUNTER, LLC

      Defendants.

| | Days to Answer | Type of Service |
|---|---|---|
| Tony E. Lucas<br>5386 Big Tyler Road<br>Charleston, WV 25313 | 30 | Personal |
| Allstate Insurance Company<br>CT Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313 | 30 | Secretary of State |
| Triad Hunter, LLC<br>Corporation Service Company<br>209 West Washington Street<br>Charleston, WV 25302 | 30 | Secretary of State |

Original and 8 copies of Complaint furnished herewith.

PLAINTIFF(S):   Larry Helmick and Lily Helmick
CASE NO.:       16-C-_____
DEFENDANT(S): Tony E. Lucas, Individually and as an
                Agent of Allstate Insurance Company,
                Allstate Insurance Company,
                Triad Hunter, LLC

II.  TYPE OF CASE:      Bad Faith

III. JURY DEMAND:      Yes

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):        December 2017

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE:  No.

Attorney Name:    Todd Wiseman, WV State Bar #6811          Representing: Plaintiffs
                  Wiseman Law Firm, PLLC                    Dated November 17, 2016
                  1510 Grand Central Avenue
                  Vienna, WV   26105
                  (304) 428-3006                            Todd Wiseman

IN THE CIRCUIT COURT OF ROANE COUNTY, WEST VIRGINIA

**LARRY HELMICK AND LILY HELMICK**,
Individually as Husband and Wife

        Plaintiffs,

v.

                                     Civil Action No.: 16-C-116
                                     Judge:  Honorable Thomas C. Evans, III

**ALLSTATE INSURANCE COMPANY**,
**TONY E. LUCAS, INDIVIDUALLY AND AS AN**
**AGENT OF ALLSTATE INSURANCE COMPANY**,
**TRIAD HUNTER, LLC**

        Defendants.

## COMPLAINT

Come now the plaintiffs Larry Helmick and Lily Helmick (sometimes referred to as "Plaintiffs" or "Helmicks") and for their Complaint against Allstate Insurance Company (sometimes referred to as "Allstate"), Tony E. Lucas (sometimes referred to as "Lucas") individually, and in his capacity as an agent of Allstate, and Triad Hunter, LLC ("Triad") the plaintiffs states as follows:

### PREFACE

1.    Larry Helmick and Lily Helmick are husband and wife who at all relevant times herein are residents of Roane County, West Virginia.

2.    At all relevant times herein, the Helmicks have owned real property located at 13538 Clay Road, Newton, West Virginia.

3.    The subject property includes an insured single-story house, and other structures which are all situate at this address.

4.    At all relevant times herein, all referenced property was insured by Allstate.

5.      At all relevant times herein, the subject property was insured under a flood policy issued by Allstate.

6.      Allstate issued the subject flood policy and accepted and undertook responsibility for collecting all premiums due.

7.      Allstate is an insurance company domiciled in the State of Illinois, and is licensed to sell insurance and adjust all insurance claims which arise in all counties within the State of West Virginia, under any policy issued by Allstate.

8.      Tony E. Lucas, an Allstate insurance agent, who at all times has been licensed to sell and service Allstate policies in the State of West Virginia.

9.      Upon information and belief, Tony E. Lucas is a resident of Kanawha County, West Virginia.

10.     Upon information and belief, Tony E. Lucas is properly registered and licensed to conduct business in the State of West Virginia as an insurance agent.

11.     Upon information and belief, Tony E. Lucas is properly licensed to sell and service insurance products in the State of West Virginia.

12.     Upon information and belief, Triad is a natural gas and crude oil exploration company domiciled in the State of Texas.

13.     Upon information and belief, Triad was properly licensed to conduct business in the State of West Virginia.

<u>FACTS OF LOSSES</u>

14.     The Plaintiffs suffered two losses and both claims are the subject of this litigation.

15.     On December 25, 2015, Plaintiffs suffered a flood loss and reported the same to Allstate.

16. The subject flood loss of December 25, 2015, resulted in damages to the Plaintiffs' home and property.

17. Subsequent to reporting the loss from December 2015, Allstate sent an adjuster to investigate the flood loss.

18. As a result of the investigation of the subject flood of December 25, 2015, Allstate not only denied the claim but also informed the Plaintiffs that their Allstate policy was improperly underwritten and that it provided absolutely no applicable coverage.

19. As a result of the investigation of the subject flood of December 25, 2015, Allstate subsequently made material alterations to the Plaintiffs' Allstate policy without providing the Plaintiffs or their insured lender with any notice of those alterations.

20. The material alterations to the Plaintiffs' policy reduced the amount of available coverage and protection for the Plaintiffs in the event of a flood loss.

21. The Plaintiffs were unaware of any such alterations to their policy until subsequent to the flood loss of June 23, 2016.

22. The Plaintiffs did not sanction or approve any of the alterations made to their policy by Allstate.

23. Before discovering the unilateral alterations made by Allstate to their flood insurance policy, the Plaintiffs suffered a second and more devastating flood loss on June 23, 2016.

24. On June 23, 2016, torrential downpours which lasted approximately 4 hours caused the Big Sandy Creek to overflow and flood the Plaintiffs' home and property.

25. A Triad storage tank which was full of petroleum product was situated near the Plaintiffs' home and property at the time of the flood.

26. The enormous quantity of water generated by the flood caused the Plaintiffs to suffer catastrophic damage to their home, other structures, and to their land.

27. The enormous quantity of water generated by the flood also caused the aforementioned Triad petroleum storage tank situated near the Plaintiffs' home at the time of the flood to dislodge from its location, which caused a dispersal of petroleum to cover the Plaintiffs' home, buildings, property and land, which compounded the damages suffered by the Plaintiffs.

28. Due to the flood and the dispersal of petroleum, the Plaintiffs were forced to rapidly evacuate their home.

29. At that time, the Plaintiffs had little to no time to collect their belongings to move to a safer location.

30. Due to the flood and the proximity of the Triad tank, the Plaintiffs' home, buildings, property and land were saturated with dirty flood water and petroleum oil of some kind.

31. When the flood waters receded, the Plaintiffs were left with significant water damage and additional damages caused by the oily residue and odor of petroleum from the dislodged Triad tank.

32. The mixture of dirty water and petroleum saturated the Plaintiffs' property.

33. The forces of the flood waters, aside from petroleum contamination, caused the Plaintiffs' home to become unsecured from its foundation.

34. Prior to both of the aforementioned floods, the Plaintiffs' home was insured by an Allstate policy, more particularly described as policy #1800648824.

35. The subject policy of insurance had been in force since the Plaintiffs purchased their home in 1998.

Helmick - Complaint Page | 4

36.    All premiums paid for the subject policy were deducted from an escrow account held by Premier Bank.

37.    Allstate accepted and undertook responsibility for collecting all premiums due for the subject policy.

38.    The mortgage issued to the Plaintiffs was held by Premier Bank.

39.    A condition of the mortgage required the Plaintiffs to maintain a policy of flood insurance because the home and structures were known to be in the flood plain.

40.    The Plaintiffs maintained the policy of flood insurance, which they purchased from Allstate and its West Virginia insurance sales agent, Tony E. Lucas.

41.    In accordance with the terms of the mortgage and the Allstate policy, Premier Bank was an insured under the subject policy.

42.    Along with the Plaintiffs, Premier Bank was entitled to be sent and to receive all legal notices related to the status of the subject policy because both the Plaintiffs and Premier Bank were insureds of the subject Allstate policy.

43.    Among other things, the Plaintiffs and Premier Bank were entitled to proper legal notice regarding any cancellation, non-renewal and/or other material information and/or notices which involved the subject policy of insurance.

44.    A reduction of the amount of coverage, a change in premium, a change in underwriting eligibility, cancellation, non-renewal and expiration of the policy are all material changes to the policy.

45.    Following the flood, in accordance with the terms of the policy, the Plaintiffs timely and properly submitted their claim for damages to Allstate by telephone call to Allstate's claims number.

46.   Post-flood, the Plaintiffs received a letter from Allstate, dated June 16, 2016 (pre-flood), which indicated that the subject policy had expired on its own terms.

47.   In addition to the letter of June 16, 2016, without any further explanation, plaintiffs also received a check for the amount of $920.00 from Allstate with a description of "overpayment".

48.   Plaintiffs promptly reported the flood claim of June 23, 2016 to Allstate and then received written communication from Allstate, dated July 1, 2016, which disavowed any obligation to the Plaintiffs.

49.   As was the case with the Plaintiffs, Premier Bank also was not notified of the "expiration" of the subject policy by Allstate.

50.   Premier Bank did not learn of the "expiration" until after the Plaintiffs presented a copy of the June 16, 2016, from Allstate post-flood to representatives from Premier Bank.

51.   Despite properly reporting the claim to Allstate, and knowing the Plaintiffs' desire for indemnification under the terms of the subject policy, Allstate did not conduct any investigation of the issuance of the policy, the damages suffered by the Plaintiffs or the expiration of the policy.

52.   Despite documentation that the Plaintiffs' premium payments were made through a mortgage escrow account with Premier Bank, Allstate denied the plaintiffs' claim and has conducted no further investigation into the Plaintiffs' claim or the claim belonging to Premier Bank.

53.   Plaintiffs have provided any and all cooperation which Allstate could have conceivably required.

54.     Throughout the life of the claim, Allstate has completely rebuffed any measures to assist the Plaintiffs with their claim, and therefore adopted its wrongful claims position which caused injury to the Plaintiffs.

55.     Plaintiffs' claim was unequivocally denied by Allstate.

56.     Allstate, as of the date of this filing, has not offered to pay the Plaintiffs any amount of money for damages caused by the flooding that is consistent with the terms outlined in the policy which the Plaintiffs purchased from Tony E. Lucas.

## COUNT I
### BREACH OF CONTRACT -- ALLSTATE

57.     The Plaintiffs incorporate, reallege and reasserts each and every allegation contained in the foregoing paragraphs as though fully set forth herein

58.     Because of defendant Allstate's conduct, Plaintiffs were forced to obtain the assistance of counsel.

59.     Despite paying value for the subject policy and complying with all conditions and terms set forth in the subject policy, the Plaintiffs have received absolute assurance from Allstate that it has no intention of paying a fair and reasonable amount to the Plaintiffs for the flooding loss which comprises their claim under the terms of the policy which they purchased from Tony E. Lucas and Allstate.

60.     Allstate has acted in complete and utter breach of its contractual obligations owed to the Plaintiffs.

## COUNT II
### CLAIMS AGAINST TONY E. LUCAS (AGENT)

61.     The Plaintiffs incorporate, reallege and reassert each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

62.     The Plaintiffs relied upon the advice and direction of Tony E. Lucas in selecting an insurance product that would serve their needs.

63.     At the advice and direction of Tony E. Lucas, Plaintiffs purchased the subject Allstate insurance policy.

64.     At the time Tony E. Lucas sold the subject policy to the Plaintiffs, they were well aware that the Plaintiffs were people who should adequately be protected from the risk of flooding to their home.

65.     Had Tony E. Lucas informed the Plaintiffs that Allstate's claims office would look for excuses to avoid the payment of claims subsequent to a loss, the Plaintiffs would have purchased coverage elsewhere.

66.     Had Tony E. Lucas informed the Plaintiffs that Allstate would engage the Plaintiffs in delay in response to a claim, or offer amounts less than they were entitled to receive under the terms of the policy which they sold to them, the Plaintiffs would have purchased coverage elsewhere.

67.     Had Tony E. Lucas informed the Plaintiffs that Allstate would dispute flooding damages in response to a claim, or offer amounts less than they were entitled to receive under the terms of the policy which they sold to them, the Plaintiffs would have purchased coverage elsewhere.

68.     Tony E. Lucas undertook a duty of care with regard to the Plaintiffs and he breached the duty of care owed to the Plaintiffs by negligently failing to procure adequate insurance for the Plaintiff, thereby giving rise to the damages suffered by the Plaintiffs.

69.     Tony E. Lucas breached the duty of care owed to the Plaintiffs in other acts, commissions and omissions known and currently unknown to the Plaintiffs.

70.     By breaching the duty of care owed to the Plaintiffs, Tony E. Lucas, acting on their own and acting in concert with Allstate, caused the Plaintiffs to suffer various damages.

## COUNT III
### CLAIMS AGAINST ALLSTATE, UPTA CLAIMS

71.     Plaintiffs reallege and reassert every allegation contained in all prior paragraphs as if alleged herein in verbatim.

72.     In the conduct of Allstate's business, among other things, it underwrites and issues flood insurance policies for the protection of its insureds.

73.     Despite Allstate's position at the time of the flood, Plaintiffs had in full force and effect a policy of insurance issued by Allstate.   Said policy with Allstate was a contract of adhesion.

74.     Plaintiffs paid valuable premiums for said coverage, which, on its face, included limits of coverage in the amount of $70,000.00.

75.     As a result of the flood, Plaintiffs made a claim for coverage under their Allstate policy.

76.     Though Plaintiffs have been Allstate policyholders for many years, Allstate has purposefully engaged in unwarranted delay tactics and mishandled their claims.

77.     The conduct of Allstate has caused the Plaintiffs to sustain additional damages over and above damages caused by the flood waters and petroleum dispersal.

78.   Allstate had a duty to deal with the Plaintiffs in good faith.

79.   Allstate had an independent and affirmative duty to follow the insurance laws and regulations in the State of West Virginia.

80.   At all times relevant herein, the conduct of Allstate has been deliberately and persistently in violation of various provisions of W.Va. Code Section 33-11-4(9), et. seq.

81.   Upon information and belief, Allstate has knowingly, wrongfully, intentionally and maliciously refused to act in conformity with the rulings of the West Virginia Supreme Court of Appeals in the manner in which it treated plaintiffs and handled their first-party coverage claims.

82.   Upon information and belief, Allstate has knowingly, wrongfully, intentionally and maliciously failed and/or refused to conduct a reasonable investigation of all aspects of plaintiffs' claims, and further refused to conduct itself in conformity with the directives of the West Virginia Insurance Commissioner's Office.

83.   Upon information and belief, Allstate has knowingly, wrongfully, intentionally and maliciously handled plaintiffs' claims by only collecting the minimum facts necessary to support its wrongful, intentional and malicious coverage position, and by refusing to timely review the relevant body of applicable law to Plaintiffs' claims.

84.   Upon information and belief, Allstate has knowingly, wrongfully, intentionally and maliciously engaged in conduct that was unconscionable, deceptive, wrong and outrageous with regard to its coverage positions that were contrary to the laws of this State and the rulings of the West Virginia Supreme Court of Appeals.

85.   Upon information and belief, Allstate has committed acts and/or omissions or failures described herein, knowingly, wrongfully, intentionally and maliciously, and as part of a

general business practice, in violation of the provisions of West Virginia Code § 33-11-4(9), et. seq.

86.    Upon information and belief, Allstate has committed these acts and other acts not denominated above, which constitute numerous violations of West Virginia Code § 33-11-4(9), et. seq.

87.    The wrongful, intentional and malicious acts, omissions and/or conduct of Allstate has compelled Plaintiffs to institute litigation.

88.    Upon information and belief, Allstate has violated West Virginia Code § 33-11-4(9), et. seq. in handling Plaintiffs' claim and has done so with respect to the claims of others with such frequency so as to constitute a general business practice.

89.    Upon information and belief, Allstate has been named as defendants in other civil complaints filed in the State of West Virginia, in which persons other than Plaintiffs have alleged that Allstate violated West Virginia's UTPA, or otherwise acted in bad faith.

90.    Upon information and belief, Allstate has paid money to persons, other than plaintiffs, to settle claims asserted against it, in which others have alleged that Allstate had violated West Virginia's UTPA, or otherwise acted in bad faith.

91.    Upon information and belief, Allstate has resolved some of the claims against it, in which others have alleged that Allstate violated West Virginia's UTPA, or otherwise acted in bad faith, by utilizing settlement documents which contain confidentiality agreements.

92.    Upon information and belief, Allstate has resolved some of the claims against it, in which others have alleged that Allstate violated West Virginia's UTPA, or otherwise acted in bad faith, by utilizing settlement documents which do not contain confidentiality agreements.

93.    Upon information and belief, Allstate maintains a record of all claims against it wherein there are any allegations that Allstate violated West Virginia's UTPA, or otherwise

acted in bad faith, and maintains records reflecting the disposition of all such claims, including settlement documents.

94.     Upon information and belief, Allstate has acted willfully, wantonly, maliciously and with reckless disregard for the civil rights of Plaintiffs. Said acts, conduct and/or omissions were done with criminal indifference so as to permit an award of punitive damages.

## COUNT IV
## COMMON LAW BAD FAITH

95.     Plaintiffs reallege and reassert each and every allegation contained in all prior paragraphs of their Complaint as if alleged herein in verbatim.

96.     At all relevant times herein, Allstate has engaged and continues to engage in conduct that is in violation of the body of law governing insurance, in the manner in which it has handled Plaintiffs' claims.

97.     Allstate engaged in unwarranted and unscrupulous delay tactics that compelled Plaintiffs into further litigation and exposed them to greater damages.

98.     Allstate placed its own interests well ahead of Plaintiffs' interests in the manner in which it has handled and continues to handle Plaintiffs' claims.

99.     Allstate knew or should have known that its conduct related to improper evaluation of Plaintiffs' underinsured coverage was wrongful and totally unsupported by the policy and by law.

100.    Allstate continues to engage in wrongful conduct knowing that Plaintiffs reasonably expected Allstate to treat them fairly, follow the rulings of this Court, the laws of this State and the Insurance Commissioner's Regulations.

101.    Allstate has conducted itself in a manner that is not only offensive and outrageous to plaintiffs, but to the general public, all while knowing full and well that it continues to

recklessly violate its contractual duties to the Plaintiffs.

102.    Upon information and belief, Allstate knowingly, wrongfully, intentionally and maliciously refused to act in conformity with the rulings of the West Virginia Supreme Court of Appeals in the manner in which it treated Plaintiffs and handled their claims for coverage.

103.    Upon information and belief, Allstate acted willfully, wantonly, maliciously and in reckless disregard for the civil rights of Plaintiffs.  Said acts, conduct and/or omissions were done with criminal indifference so to permit an award of punitive damages.

**COUNT V**
**NEGLIGENCE – TRIAD**

104.    Plaintiffs reallege and reassert each and every allegation contained in all prior paragraphs of their Complaint as if alleged herein in verbatim.

105.    Upon information and belief, Triad either knew or should have reasonably known that its petroleum storage tank was placed in a location that was foreseeably at risk to be dislodged by storm and/or flood waters.

106.    Upon information and belief, Triad was on notice that its petroleum storage tank was at risk for dislodgement because the area that it had placed the subject tank was an area that was previously subject to the risks of flood water and/or storm water.

107.    Despite either actual and/or subjective knowledge of the risks posed by the location of it storage tank, filled with petroleum, Triad did not undertake reasonable efforts to protect people like the plaintiffs from foreseeable damages in the event that a storage tank was dislodged.

108.    Among other things, Triad either knew or should have known that in the even that its storage tank dislodged, while full of petroleum, that it was reasonably foreseeable that petroleum would be spread all over land, homes and/or property.

109.    Among other things, Triad either knew or should have known that in the event that a tank dislodged and dispersed petroleum that it would be nearly impossible for the residue to be properly cleaned up.

110.    Among other things, Triad either knew or should have known that in the event that a tank dislodged and dispersed petroleum that it would not be safe or reasonable for people like the plaintiffs to reside on property or land that had been contaminated with petroleum residue.

111.    Among other things, Triad either knew or should have known that in the event that a tank dislodged and dispersed petroleum that the value of residential property and land would be adversely compromised.

112.    As a result, the negligence of Triad, Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs pray for judgment against the defendants, each of them, jointly and severally, for compensatory damages, in an amount sufficient to compensate Plaintiffs, plus pre-judgment interest, post-judgment interest, and costs, attorney fees and any further relief appropriate under the facts and circumstances of this case.  Furthermore, the Plaintiffs pray for the following specific relief against Allstate and Triad:

1.    An Order compelling Allstate to provide a detailed accounting of the basis of its claims evaluation process and all authorized claims reserves, by each date and each amount;

2.    To the extent that Allstate relied upon any contract exclusions to withhold the availability of insurance benefits to the plaintiffs, an Order finding that those exclusions were ambiguous;

3.    An Order finding that the conduct of these defendants, individually and/or severally, gave rise to Plaintiffs' damages;

4.    An Order finding that Allstate is liable for the conduct of its employees and agents;

5.    An Order finding that Allstate violated various provisions of W.Va. code 33-11-4 (9), et seq., with such frequency to constitute a general business practice;

6.    An Order finding that the actions and omissions of Allstate, whether negligent or intentional, were outrageous, extreme, severe and continuing such caused severe emotional distress;

7.    An Order finding that the Plaintiffs have substantially prevailed with regard to the value of their claims.

8.    An Order finding that Allstate engaged in a pattern of malicious and reckless conduct toward the Plaintiffs to an extent giving rise to punitive damages;

9.    An Order finding that Allstate failed to provide proper notice to Plaintiffs and Premier Bank, regarding material changes to the subject policy;

10.    Judgment against these defendants for all compensatory damages, all extra-contractual damages, punitive damages, and attorney fees, pursuant to the principles of Hayseeds v. State Farm Fire & Casualty, 177 W.Va. 323, 352 S.E.2d 73 (1986);

11.    An Order finding that Triad acted negligently and proximately contributed to the damages which the Plaintiffs have suffered because of the flood.

12.    Cause "pre – judgment" interest and/or post-judgment interest to be awarded together with any such further relief as a Judge or jury shall find. The jurisdictional limits for this filing have been satisfied;

13.   And, plaintiffs request this Court to provide any further relief that the Plaintiffs

may be entitled to receive, including but not limited to the following:

(a)   Damages for aggravation and inconvenience;

(b)   Attorney's fees, costs and pre-judgment interest, post judgment interest; and

(c)   Such further relief appropriate under the facts and circumstances of this case.

**LARRY HELMICK AND LILY
HELMICK,**
Plaintiffs, by Counsel,

Todd Wiseman, State Bar #6811
Wiseman Law Firm, PLLC
1510 Grand Central Avenue
Vienna, WV   26105
(304) 428-3006

# SUMMONS
## IN THE CIRCUIT COURT OF ROANE COUNTY, WEST VIRGINIA:

Civil Action No. 16-C-66 (E)

**LARRY HELMICK & LILY HELMICK**
**Individually as Husband & Wife**
                    Plaintiff
VS.


**ALLSTATE INSURANCE COMPANY, TONY E.**
**LUCAS, INDIVIDUALLY AND AS AN AGENT OF**
**ALLSTATE INSURANCE COMPANY, TRIAD HUNTER, LLC**
                    Defendants


**To the above-named Defendant: TRIAD HUNTER, LLC;**
                    **CORPORATION SERVICE COMPANY**
                    **209 WEST WASHINGTON STREET, CHARLESTON WV 25302**


In the name of the State of West Virginia, you are hereby summoned and required to serve upon

TODD WISEMAN plaintiff's attorney whose address is WISEMAN LAW FIRM PLLC; 1510 GRAND

CENTRAL AVENUE; VIENNA WV 26105, an answer including any related counterclaim you may have to

the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to

you.  You are required to serve your answer within 30 days after service of this summons upon you,

exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another action  any

claim you may have which must be asserted by counterclaim in the above styled civil action.



Dated  NOVEMBER 21, 2016


_Andrea Stockner_
                    **CLERK OF COURT**

~ Sent to SOS for service
   on Triad 11/21/16 (T.LR)

**SEAL**



cl@roaneserve\summons\general\summn

# SUMMONS
## IN THE CIRCUIT COURT OF ROANE COUNTY, WEST VIRGINIA:

Civil Action No. 16-C-66 (E)

**LARRY HELMICK & LILY HELMICK**
**Individually as Husband & Wife**
                        **Plaintiff**
**VS.**


**ALLSTATE INSURANCE COMPANY, TONY E.**
**LUCAS, INDIVIDUALLY AND AS AN AGENT OF**
**ALLSTATE INSURANCE COMPANY, TRIAD HUNTER, LLC**
                        **Defendants**


**To the above-named Defendant: ALLSTATE INSURANCE COMPANY; CT**
                        **CORPORATION SYSTEM; 5400 D BIG TYLER ROAD;**
                        **CHARLESTON WV 25313**

In the name of the State of West Virginia, you are hereby summoned and required to serve upon

TODD WISEMAN plaintiff's attorney whose address is WISEMAN LAW FIRM PLLC; 1510 GRAND

CENTRAL AVENUE; VIENNA WV 26105, an answer including any related counterclaim you may have to

the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to

you.  You are required to serve your answer within 30 days after service of this summons upon you,

exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another action  any

claim you may have which must be asserted by counterclaim in the above styled civil action.


Dated  NOVEMBER 21, 2016


                        Andrea Stockner
SEAL                        **CLERK OF COURT**

                -Sent to S.O.S for Service
                on AllState
                        "/21/16 (T.R.)

06@roanoserver\summons\general\summn

# SUMMONS
## IN THE CIRCUIT COURT OF ROANE COUNTY, WEST VIRGINIA:

Civil Action No. 16-C-66 (E)

**LARRY HELMICK & LILY HELMICK**
**Individually as Husband & Wife**
                                    Plaintiff
VS.


**ALLSTATE INSURANCE COMPANY, TONY E.**
**LUCAS, INDIVIDUALLY AND AS AN AGENT OF**
**ALLSTATE INSURANCE** COMPANY **, TRIAD HUNTER, LLC**
                                    Defendants


**To the above-named Defendant: TONY E. LUCAS; 5386 BIG TYLER ROAD; CHARLESTON**
**WV 25313**

In the name of the State of West Virginia, you are hereby summoned and required to serve upon

TODD WISEMAN plaintiff's attorney whose address is WISEMAN LAW FIRM PLLC; 1510 GRAND

CENTRAL AVENUE; VIENNA WV 26105, an answer including any related counterclaim you may have to

the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to

you.  You are required to serve your answer within 30 days after service of this summons upon you,

exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another action  any

claim you may have which must be asserted by counterclaim in the above styled civil action.


Dated  NOVEMBER 21, 2016


                                    Andrea Stockner
SEAL                                       **CLERK OF COURT**

                                    - mailed back to attorney for
                                    Service 11/21/16 (T.R)


d:@roaneserver\summons\general\summon